UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -)

UNITED STATES OF AMERICA

        - v. -

MOSES RABINOWITZ,
    a/k/a "Mark Rabin,"
    a/k/a "Moshe Rabinowitz," and
MENACHIM SAMBER,
    a/k/a "Manny,"

        Defendants.

- - - - - - - - - - - - - - - -)

File Under Seal

INDICTMENT

23 Cr. 670 (      )

## COUNT ONE
### (Conspiracy to Commit Wire Fraud)

The Grand Jury charges:

1.    At all times relevant to this Indictment:

       a.    The U.S. Food and Drug Administration ("FDA") is responsible for regulating the manufacture, labeling, and distribution of all medical devices and over the counter ("OTC") drugs shipped or received in interstate commerce. The FDA is also responsible for enforcing the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301, *et seq.*, as it pertains to medical devices and OTC drugs. The FDCA and implementing regulations set forth numerous requirements for the manufacture, labeling, and distribution of FDA regulated products intended to be distributed in the United States.

b.    Manufacturers of medical and other FDA regulated consumer products are often multinational companies that distribute their products both in the United States and abroad and have offices throughout the world.  Such companies are required to ensure that medical devices and OTC drugs that will be distributed in the United States are manufactured, labeled, and packaged in compliance with FDA requirements for domestic distribution.

c.    Significant differences may exist between medical devices and OTC drugs approved or cleared for sale in the United States and those manufactured for sale internationally.  For example, products intended for sale in international markets may contain different ingredients than similar products manufactured for sale in the United States; use different units of measurement than those approved by the FDA; or be missing certain warning labels required on products sold in the United States.  Moreover, manufacturers track and monitor medical devices and OTC drugs for safety and quality issues by lot numbers.  Should an issue arise with a particular medical device or OTC drug, a manufacturer may notify only those countries in which certain lot numbers were to be distributed.  Thus, customers who unknowingly purchase diverted medical devices or OTC drugs that were intended for a foreign market may not be notified of a recall.

d.    Manufacturers generally charge medical supply distributors more for medical devices and OTC drugs authorized for

2

sale in the United States than for similar products manufactured for international markets. Manufacturers of FDA regulated consumer products that distribute their products both in the United States and abroad will sometimes sell their products to foreign distributors at deep discounts for a variety of reasons, including to open new markets and because they do not have to pay for advertising or promotion abroad.

e.    Victim Company-1, Victim Company-2, and Victim-Company-3 (collectively, the "Victim Companies") were manufacturers, distributors, and suppliers of medical devices and OTC drugs.

f.    MOSES RABINOWITZ, a/k/a "Mark Rabin," a/k/a "Moshe Rabinowitz," the defendant, was the owner and president of medical supply distributor Trasco, LLC ("Trasco"), and the owner of Trasco affiliates GlobalMed International, Ltd. ("GlobalMed"), and Panamedica Trading, Inc. ("Panamedica").

g.    MENACHIM SAMBER, a/k/a "Manny," the defendant, was an employee of Trasco whose functions included purchasing and sales.

2.    Trasco's business office was located in Valley Cottage, New York Until in or about Spring 2018, at which time it moved to Northvale, New Jersey.

3.    From at least in or about January 2014 up to and including on or about January 3, 2019, MOSES RABINOWITZ, a/k/a

"Mark Rabin," a/k/a "Moshe Rabinowitz," and MENACHIM SAMBER, a/k/a "Manny," the defendants, and others, known and unknown, unjustly enriched themselves and Trasco by obtaining FDA-regulated medical devices and OTC drugs that were not intended for sale in the United States, at deeply discounted prices from the Victim Companies by falsely and fraudulently representing to the Victim Companies that the products would be sold and distributed outside of the United States, when, in fact, RABINOWITZ and SAMBER, from the outset, intended to, and did, sell and distribute those medical devices and OTC drugs at a substantial profit to wholesalers, distributors, and others in the United States.

4.    The Victim Companies relied on RABINOWITZ, SAMBER, and other co-conspirators' false and fraudulent representations, and sold their products to RABINOWITZ, SAMBER, Trasco, GobalMed, and Panamedica at deeply discounted prices, resulting in losses to the Victim Companies of more than $5 million.

5.    RABINOWITZ, SAMBER, and other co-conspirators created and caused to be created false and fraudulent documentation, which they provided and caused to be provided to the Victim Companies to conceal their fraudulent scheme, including through at least one corrupt insider at one of the Victim Companies, who assisted in the use of false documentation to show that the foreign medical products purchased by Trasco were shipped to foreign entities.

6.    At times, RABINOWITZ, SAMBER, and other co-conspirators arranged for the fraudulently obtained products to be diverted directly to locations within the United States, and for "dummy" shipments to be exported instead in order to generate documentation to provide to the Victim Companies as proof of export.

7.    RABINOWITZ, SAMBER, and other Trasco employees acting at their direction often removed the foreign language packaging or labeling on the medical devices and OTC drugs so that the provenance of the foreign medical products would be hidden from the domestic consumers and distributors to whom they were sold.

8.    From at least in or about January 2014 up to and including on or about January 3, 2019, in the Southern District of New York and elsewhere, MOSES RABINOWITZ, a/k/a "Mark Rabin," a/k/a "Moshe Rabinowitz," and MENACHIM SAMBER, a/k/a "Manny," the defendants, and others, known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

9.    It was a part and an object of the conspiracy that MOSES RABINOWITZ, a/k/a "Mark Rabin," a/k/a "Moshe Rabinowitz," and MENACHIM SAMBER, a/k/a "Manny," the defendants, and others, known and unknown, having devised and intending to devise a scheme and artifice to defraud and or obtaining money and property by means of false and fraudulent pretenses, representations, and promises,

5

would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, RABINOWITZ, SAMBER, and others known and unknown made, and caused to be made, false representations to the Victim Companies in order to unlawfully obtain from the Victim Companies and distribute to Trasco's domestic customers medical devices and OTC drugs that were not intended for sale in the United States, and concealed their scheme from the Victim Companies, including through the use of: (a) GlobalMed, Panamedica, and other foreign front companies to purchase medical devices and OTC drugs from the Victim Companies under the false pretense that the devices and OTC drugs would be sold abroad, but which were then diverted to Trasco and sold to its domestic customers; and (b) at least one corrupt insider at one of the Victim Companies, who assisted in the use of false documentation to show that the foreign medical products purchased by Trasco were shipped to foreign entities, when instead the products were shipped to Trasco and sold to Trasco's domestic customers, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Conspiracy to Obtain Pre-Retail Medical Products by Fraud or Deception)

The Grand Jury further charges:

10.  The allegations contained in paragraphs 1 through 8 of this Indictment are repeated and realleged as if fully set forth herein.

11.  From in or about January 2014 up to and including in or about January 3, 2019, in the Southern District of New York and elsewhere, MOSES RABINOWITZ, a/k/a "Mark Rabin," a/k/a "Moshe Rabinowitz," and MENACHIM SAMBER, a/k/a "Manny," the defendants, and others, known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to obtain by fraud and deception pre-retail medical products, with a value of $5,000 or greater, that is, medical devices and OTC drugs, in and using a means or facility of interstate or foreign commerce.

(Title 18, United States Code, Sections 670(a)(6) and (a)(1).)

### FORFEITURE ALLEGATIONS

12.  As a result of committing the offenses alleged in Count One of this Indictment, MOSES RABINOWITZ, a/k/a "Mark Rabin," a/k/a "Moshe Rabinowitz," and MENACHIM SAMBER, a/k/a "Manny," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable

7

to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### SUBSTITUTE ASSET PROVISION

13.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

        a.   cannot be located upon the exercise of due diligence;

        b.   has been transferred or sold to, or deposited with, a third party;

        c.   has been placed beyond the jurisdiction of the court;

        d.   has been substantially diminished in value; or

        e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

    (Title 18, United States Code, Section 981; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

FOREPERSON

DAMIAN WILLIAMS
United States Attorney