UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

UNITED STATES OF AMERICA

       - v. -

MENACHEM SAMBER,

       Defendant.

------------------------------------ x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/MONEY JUDGMENT

S2 23 Cr. 670 (CS)

WHEREAS, on or about _May 7_, 2025, MENACHEM SAMBER (the "Defendant"), was charged in a Superseding Information, S2 23 Cr. 670 (CS) (the "Superseding Information"), with introducing misbranded drugs and devices into interstate commerce, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2) and Title 18, United States Code, Section 2 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Superseding Information, seeking forfeiture to the United States, pursuant to (i) Title 18, United States Code, Section 982(a)(7), of any and all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense charged in Count One of this Superseding Information, including but not limited to a sum of money in United States currency representing the amount of gross proceeds traceable to the commission of the offense charged in Count One of the Superseding Information; and (ii) Title 21, United States Code, Section 334 and Title 28, United States Code, Section 2461, any and all drugs and medical devices that were misbranded when introduced into or while in interstate commerce or while held for sale (whether or not the first sale) after shipment in interstate commerce as charged in Count One of the Superseding Information (the "Forfeitable Property"), including but not limited to a sum of money in United States currency representing the value of Forfeitable Property;

WHEREAS, on or about ___May 7___, 2025 the Defendant pled guilty to Count One of the Superseding Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Superseding Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), Title 21, United States Code, Sections 334, and Title 28, United States Code, Section 2461:

 (i) a sum of money equal to $506,357.50 in United States currency, representing the amount of proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Superseding Information and the value of the Forfeitable Property; and

 (ii) all right, title, and interest of the Defendant in:

  a. the following property that was seized on or about January 2, 2019 from the offices and warehouse of Trasco, LLC:

   1. all medical devices manufactured or sold by Welch Allyn Inc., Ferndale Pharma Group, or Zoll Medical Corporation;

   2. all over-the-counter medication; and

   3. all diabetic test strips;

  b. $9,512 in United States currency in the form of an HSBC cashier's check made payable to the United States Marshals Service representing the funds wired by Trasco LLC on or about May 24, 2018 to a foreign supplier for the purchase of foreign Freestyle Lite diabetic test strips; and

  c. $28,780 in United States currency in the form of an HSBC cashier's check made payable to the United States Marshals Service representing the funds wired by Trasco LLC on or about February 23, 2018 Trasco LLC to a foreign supplier for the purchase of foreign One Touch Ultra diabetic test strips.

(a. through c., collectively, the "Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $506,357.50 in United States currency representing (i) the amount of proceeds traceable to the offense charged in Count One of the Superseding Information that the Defendant personally obtained; and (ii) the value of the Forfeitable Property, for which the Defendant is jointly and severally liable with co-defendant, Moses Rabinowitz (the "Co-defendant") to the extent a forfeiture money judgment is entered against the Co-defendant in this case;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property as a result of the commission of the offense charged in Count One of the Superseding Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Superseding Information that the Defendant personally obtained and the Forfeitable Property cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Matthew Podolsky, Acting United States Attorney, Assistant United States Attorney Jeffrey C. Coffman and Justin L. Brooke, of counsel, and the Defendant and his counsel, Benjamin Brafman, Esq., that:

1. As a result of the offense charged in Count One of the Superseding Information, to which the Defendant pled guilty, a money judgment in the amount of $506,357.50

in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Superseding Information that the Defendant personally obtained and value of the Forfeitable Property, for which the Defendant is jointly and severally liable with the Co-defendant, to the extent a forfeiture money judgment is entered against the Co-defendant in this case, shall be entered against the Defendant.

2.  As a result of the offense charged in Count One of the Superseding Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant MENACHEM SAMBER, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.  All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.  The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.  Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.	Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.	The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.	Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.	Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the

United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York

By: _____    4/8/25
JEFFREY C. COFFMAN                        DATE
JUSTIN L. BROOKE
Assistant United States Attorneys
26 Federal Plaza
New York, NY 10278
(914) 993-1940/1918


MENACHEM SAMBER

By: _____    04/09/2025
MENACHEM SAMBER                           DATE

By: _____    4/9/2025
BENJAMIN BRAFMAN, ESQ.                    DATE
Attorney for Defendant
256 Fifth Avenue
New York, NY 10001

SO ORDERED:

_____    5/7/25
HONORABLE CATHY SEIBEL                DATE
UNITED STATES DISTRICT JUDGE